Curia, per

Evans, J.
The grounds of appeal relate to the location of the grant to Fullwood, under which the plaintiff claims. Independent of the fact, that, in order to reach the natural marks called for on the original plat, the lines have to be extended so as to include 136,000 acres, instead of 14,900 acres, there is nothing in the location of this land differing from the ordinary cases which arise in the administration of justice. The south eastern boundary is the old parish-line which now divides the district of Sumter from the district of Williamsburg, beginning where that line touches Lynch’s creek. There can be no doubt about the beginning corner. The parish-line is thence represented as the boundary to the Georgetown *83 road, crossing the Lake road, Camp branch, Little and Big Kingstree, Smith’s branch, Long branch, Lowry’s bay, the road leading to Lynch’s creek and Pudding swamp. But in order to extend this line from Lynch’s creek to the Georgetown road, crossing all these natural marks or stations, it is necessary to extend the distance called for on the original plat from 480 chains, or six miles, to 1710 chains, upwards of twenty-one miles. Since the decision of the case of Fullwood vs. Graham, 1 Rich. 491, it is no longer a question that natural marks shall control course and distance, even though the line should exceed the length ealled for four or five fold. In this case, there can be no doubt of the identity of the natural marks. They are all well established, and Pudding swamp, one of them, is represented about its actual distance from the Georgetown road. From the termination of this south-eastern line, the next boundary is along the Georgetown road, with occasional departures from it to the west — a distance apparently on the plat of about five miles. The general course is then changed, and after running various lines, the plat calls for a corner on Thick branch near Wilson’s road,— which are known marks, and according to all the established principles of location must govern in fixing the extent of the land in that direction. I do not mean to say, (nol-is it necessary to the decision of this case) that the plat made by the surveyor is a correct location of all the intermediate points from the Georgetown road to Thick creek and Wilson’s road ; but the line cannot be run in any way from one of these points to the other without including the land in dispute between these parties. The. same remark applies in running the lines from Wilson’s road and Thick creek to Lynch’s creek, whether they are run with reference to the adjacent land called for, or by course and dis- ' tance to Lynch’s creek, which is the boundary on the North. The surveyor has located the land on this side by the boundary of the adjacent lands called for; and this, according to the authorities, is the correct rule where these adjacent lands can be ascertained with sufficient certainty. The principles by which plats of land are to be located, are well established by a variety of decisions. *84 These rules are well laid down in the case of Bradford vs. Pitts, 2 Mill, 315, and in the late case of Fullwood vs. Graham, and if there be any principle clearly established, it is that mere distance is never regarded when it conflicts with either the actual marks made by the surveyor or the well-ascertained marks called for on the plat, suchas creeks, swamps, rivers or roads. In the location of land, the inquiry always is, what was intended to be included within the plat? The question is always one of intention, and in arriving at this we must have regard to the most certain evidences of intention. Now the trees that the surveyor marked ; the rocks that he set up; the fixed and permanent objects which he calls for, are more certain indications of intention than distances or even courses. These should be resorted to only where the others fail. But it is only where these evidences of intention conflict, that one is to override the others. The location is to be made in reference to all of them, where it is practicable. But in this case, it is impossible to locate the land with reference to course and distance merely, without an utter disregard of all the well known and clearly defined objects which are represented on the plat. Can there be any doubt that the surveyor intended his south-east boundary to be the parish-line from Lynch’s creek to the Georgetown road? — ■and yet you cannot give effect to this intention, without extending the line nearly four times the length called for. Can there be any doubt that he intended the Georgetown road to be in part his boundary, and a line or lines running from it to a point near where Wilson’s road crosses Thick creek, and from thence by Chandler’s land to Lynch’s creek ? But this cannot be done, unless we disregard distances and sometimes courses. As I understand the case, the land in dispute is within the Fullwood grant according to any location which can be made of it, unless all the natural marks be wholly disregarded, and the location be made by course and distance alone. But this cannot be done without a disregard of all the principles heretofore- established. The motion is dismissed.
Richardson and O’Neall, JJ. concurred.
Butler, J. absent.